IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NABIL SAMAAN,

    Plaintiff,                    No. CIV S-07-0960 RRB GGH

    vs.

KURT SAUER,

    Defendant.                 ORDER

_____/

KURT SAUER,

    Counter Claimant,

    vs.

NABIL SAMAAN,

    Counter Defendant.

_____/

Counter-defendant and plaintiff Samaan filed on February 11, 2008 a motion for relief from this court's order filed January 24, 2008, granting defendant and counter-claimant Sauer's motion to quash subpoena and for a protective order. The motion was heard on March 13, 2008. R. Lawrence Bragg appeared for Mr. Samaan who also appeared. Elizabeth Lawley represented Mr. Sauer. After hearing oral argument and ordering Mr. Sauer to submit all treating

\\\\\

records of therapist O'Sullivan-Brynjolfsson for *in camera* review, the court has now reviewed all filings and issues the following order.

STANDARDS FOR MOTIONS TO RECONSIDER

A motion for reconsideration on a final order may be either a Rule 59 motion (Amendment of Judgment) or a Rule 60 motion (Relief from Judgment or Order).  See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir.1992); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir.1991) (motion to reconsider can be construed as Rule 60 or Rule 59 motion even when movant brought it under local rules and cited no governing Federal Rules of Civil Procedure); see also Fed. R. Civ. P. 59(e), 60(b).  "A motion to alter or amend the judgment shall be served no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).  A motion on the grounds of "newly discovered evidence" or "fraud ..., misrepresentation, or misconduct by an opposing party" pursuant to Rule 60(b)(2), (3) can be made "within a reasonable time, and ... not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

\\\\\

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

DISCUSSION

In the instant action, Mr. Samaan has submitted new evidence as follows: "(1) Mr. Sauer told Ms. O'Sullivan-Brynjolfsson that he was suffering from pre-existing stress, which is contrary to his deposition testimony and (2) Ms. O'Sullivan had been told that Mr. Sauer was divorced from Ms. Wilde before she provided Ms. Wilde with the records of these sessions." Mot. at 4.

Samaan's argument and a review of the documents submitted for *in camera* review do not meet the standards required on a motion for reconsideration. Samaan has presented no reason why he was not aware of this information prior to the hearing, especially since the sources of the allegedly new evidence were Sauer's deposition which occurred in December, 2007, prior to the hearing, and Ms. Wilde's observations, which were obtainable by Samaan prior to the hearing. Even if Samaan thought he could not file a response to Sauer's reply, he could have and should have argued these points at the hearing and requested time to submit further briefing and/or evidence, which he did not. Samaan has not shown why his contentions could not have been raised prior to this court's January 24th order.[1]

---

[1] Moreover and in any event, the declaration of therapist O'Sullivan-Brynjolfsson that she did not treat Mr. Sauer for emotional distress is correct, although she did remark upon potential diagnoses. Indeed, her referrals to other entities were made for treatment. To the extent that this therapist gave treatment, it was for marriage counseling only.

In regard to Mr. Sauer's objection to the association of Mr. Samaan as one of the attorneys of record in this case, such a request must be directed to the District Judge.[2]

CONCLUSION

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, Samaan's February 11, 2008 motion for relief from order granting motion to quash subpoena and for protective order is denied, and this court's order of January 24, 2008 is affirmed.

DATED:  04/10/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Samaan0960.60b.wpd

---

[2] The other filings by the parties after submission of documents for *in camera* review have neither been requested nor are they especially pertinent.