IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL SAMAAN, | No. Civ. 2:07-CV-0960 JAM GGH |
| Plaintiff, | <u>Order Denying Ex Parte Application to Modify the Pre-Trial Scheduling Order</u> |
| v. | |
| KURT SAUER and DOES 1-10, | |
| Defendant. | |

AND RELATED CROSS-ACTIONS.
_____/

The matter before the Court is defendant Kurt Sauer's ("defendant") Ex Parte Application ("Application") for an order to modify the pretrial scheduling order ("Scheduling Order") filed on November 2, 2007 ("Rule 16 Order"). Plaintiff Nabil Samaan ("Samaan") opposes the Application. For the reasons set forth below, the Application is DENIED.

///

///

1

I.

To prevail on his Application, defendant must make a "good cause" showing as to why the Scheduling Order should be modified. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " Id. at 609 (quoting Fed.R.Civ.P. 16 advisory committee's note (1983 amendment)). The focus of the inquiry is on the moving party's reasons for seeking modification, not the prejudice caused to the party opposing the modification. Id. If the moving party is not diligent, the inquiry ends. Id.

In the instant case, defendant states that his Application was necessitated by plaintiff's unjustifiable delay in responding to discovery requests, namely plaintiff's refusal to provide meaningful responses to special interrogatories. Defendant further states that he attempted to obtain a stipulation from plaintiff's counsel to modify the Scheduling Order on May 13 and May 14, 2008, in light of his alleged inability to meet the upcoming July 1, 2008 discovery cut-off date and the August 8, 2008 dispositive motion deadline. Defendant maintains that he will suffer irreparable prejudice if

compelled to meet these deadlines.  However, defendant's Application is devoid of any showing of "good cause" to support his request to modify the Scheduling Order.  A review of defendant's Application reveals that defendant was aware on March 14, 2008 that plaintiff's responses to special interrogatories were purportedly inadequate but defendant waited until May 16, 2008 to file a motion to compel.  The Court finds this failure to timely and expeditiously pursue discovery to be in violation of the diligence requirement of Rule 16.  Accordingly, defendant's Application to modify the Scheduling Order is denied.

   Notwithstanding defendant's failure to meet the "good cause" standard, the Court will consider a stipulation by the parties to modify the Scheduling Order if the parties jointly-propose dates that are workable in light of the other deadlines in the case, and do not adversely affect other matters on the Court's docket.  However, unless an order issues modifying the Scheduling Order deadlines, the scheduled dates remain in full force and effect and must be met.

## II.

For the reasons set forth above, defendant's Application is DENIED.

IT IS SO ORDERED.

Dated:  May 27, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE