IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NABIL SAMAAN,

       Plaintiff,                No. CIV S-07-0960 JAM GGH

   vs.

KURT SAUER,

       Defendant.         <u>ORDER</u>

_____/

KURT SAUER,

       Counter Claimant,

   vs.

NABIL SAMAAN,

       Counter Defendant.

_____/

<u>INTRODUCTION</u>

        Previously pending on this court's calendar for June 12, 2008, was Defendant and Counter-claimant Sauer's motion to compel further responses to special interrogatories and request for production of documents, filed May 16, 2008.  Kurt Hendrickson appeared on behalf of Kurt Sauer.  Nabil Samaan represented himself.

1

BACKGROUND

Samaan, a person of African descent, filed this action on May 22, 2007, alleging racial discrimination by Sauer, who was a juvenile probation officer, during the period from March to April, 2007.  Sauer countersued, alleging libel and slander, by virtue of Samaan's correspondence to Sauer's employer accusing Sauer of being a racist and being discriminatory toward minorities, which Sauer claims is false.  Sauer's counter claim seeks damages for "emotional distress and anxiety, embarrassment, and great and irreparable loss and injury to his reputation."  Counterclaim, at ¶ 9.

It should be noted that Samaan is in a relationship with Sauer's ex-wife, Shannon Wilde, and Sauer and Wilde are currently in litigation over the custody of their son.  Wilde wants to relocate the son to Sacramento, where Samaan lives, and Sauer resides in Shasta County.

DISCUSSION

Sauer brings this motion to compel further discovery responses, originally served on February 13, 2008, claiming the original responses were inadequate, conclusory, non-responsive, and lacking in specificity.  Newman Decl., Exs. A, C.  It is apparent from review of the filings that the parties have not met and conferred as required by E. D. Local Rule 37-251. Sauer's counsel has set forth his efforts to meet and confer, contacting Samaan's attorney, Mr. Fields, who did not respond at all; however, Mr. Samaan responded but did not meet and confer in any meaningful way.

Samaan claims that Sauer's counsel failed to give him five days to respond and prepare an opposition to Sauer's motion, and purposely contacted Fields instead of Samaan knowing that Samaan is the attorney to respond to this motion.  Samaan claims that Sauer's counsel has refused to have any contact with Samaan and there has been no attempt to meet and confer, resulting in Samaan having only a few hours to respond to the motion.

Each and every interrogatory and document request is at issue because the parties did not meet and confer to narrow their disputes.  On June 9, 2008, the court directed the parties

1    to brief the issue of whether Samaan could properly represent himself as an attorney in light of

2    the fact that he has retained counsel for both the complaint and counterclaim.  After reviewing

3    those briefs, the court has determined that the meet and confer efforts have failed at least in part

4    because Samaan is attempting, by representing himself and being also represented by counsel, to

5    have hybrid representation.  Therefore, it is necessary to address this issue first.

6                "In all courts of the United States the parties may plead and conduct their own

7    cases personally *or* by counsel as, by the rules of such courts, respectively, are permitted to

8    manage and conduct causes therein."  28 U.S.C. § 1654 (emphasis added).

9                Where a party represents himself and is also represented by counsel, he has hybrid

10   representation.  Move Organization v. City of Philadelphia, 89 F.R.D. 521, 523 n. 1 (E.D. Pa.

11   1981).  Cases analyzing hybrid representation, two of which have been cited by the parties, have

12   found that there is no such right.[1]  Brasier v. Jeary, 256 F.2d 474, 476 (8th Cir. 1958); Move

13   Organization, 89 F.R.D. at 523 n. 1; Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 422 (4th

14   Cir. 1990); McCulloch v. Velez, 364 F.3d 1, 5(1st Cir. 2004).  Nevertheless, the court does have

15   discretion to permit hybrid representation.  Id.  "Such largess is, however, to be dispensed

16   sparingly."  Id.

17               By its literal wording, the statute permits either counsel or pro se representation,

18   as exemplified through its use of the disjunctive.  Practically speaking, defendant is correct that

19   the nature of this case is not conducive to self representation.  It is based on very personal and

20   emotional matters, including the fact that Mr. Samaan is romantically involved with Mr. Sauer's

21   ex-wife, who is involved in a bitter custody proceeding with Mr. Sauer.  Furthermore, apparently

22   many of the witnesses are friends, co-workers and family members of Mr. Sauer.

23   \\\\\

24

---

25        [1]  Ninth Circuit cases cited by the parties pertain to criminal proceedings and are not
     relevant here.  Bayless v. United States, 381 F.2d 67, 71 (9th Cir. 1967); Egan v. Teets, 251 F.2d
26   571, 578-79 (9th Cir. 1957).

For Samaan to act as his own counsel when he also has retained counsel puts Sauer's team in an ethical dilemma.  Defense counsel cannot contact a represented party except through counsel.  See Cal. Rules Prof. Conduct, Rule 2-100.  How will defense counsel know when it is permissible to contact Samaan and when it is not?

Therefore, this court will not permit hybrid representation by Mr. Samaan for the discovery phase of this case only.  Should the parties have a dispute over hybrid representation for the remainder of the case, they must seek to have it resolved by the district court.  This ruling does not prevent Mr. Samaan from being consulted by his attorney behind the scenes as any client would be.

The parties will be given one more opportunity to have their attorneys meet and confer regarding the discovery at issue here, and defendant's motion will be continued to next week.  If the court finds a lack of substantial justification at the next hearing, sanctions will be imposed.

CONCLUSION

Accordingly, IT IS ORDERED that:

1.  Mr. Samaan shall cease representing himself immediately for the discovery phase of this case.

2. Defendant's motion to compel further discovery responses, filed May 16, 2008, is continued to June 19, 2008, at 10:00 a.m.

3. The parties shall meet and confer and file a joint statement by close of business on Tuesday, June 17, 2008.

DATED: 06/17/08                                    /s/ Gregory G. Hollows

                                                   _____
                                                   GREGORY G. HOLLOWS
                                                   U. S. MAGISTRATE JUDGE

GGH/076
Samaan0960.dsy.wpd