IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NABIL SAMAAN,

    Plaintiff,                         No. CIV S-07-0960 JAM GGH

    vs.

KURT SAUER,

    Defendant.                  ORDER

_____/

KURT SAUER,

    Counter Claimant,

    vs.

NABIL SAMAAN,

    Counter Defendant.

_____/

INTRODUCTION

        Previously pending on this court's calendar for June 19, 2008, was Defendant and Counter-claimant Sauer's motion to compel further responses to special interrogatories and request for production of documents, filed May 16, 2008; and plaintiff and counter-defendant Samaan's motion to compel deposition of Sauer, filed May 22, 2008. Kurt Hendrickson

1

appeared on behalf of Kurt Sauer.  R. Lawrence Bragg appeared on behalf of Nabil Samaan.[1]

BACKGROUND

      Samaan, a person of African descent, filed this action on May 22, 2007, alleging racial discrimination by Sauer, who was a juvenile probation officer, during the period from March to April, 2007.  Sauer countersued, alleging libel and slander, by virtue of Samaan's correspondence to Sauer's employer accusing Sauer of being a racist and being discriminatory toward minorities, which Sauer claims is false.  Sauer's counter claim seeks damages for "emotional distress and anxiety, embarrassment, and great and irreparable loss and injury to his reputation."  Counterclaim, at ¶ 9.

      It should be noted that Samaan is in a relationship with Sauer's ex-wife, Shannon Wilde, and Sauer and Wilde are currently in litigation over the custody of their son.  Wilde wants to relocate the son to Sacramento, where Samaan lives, and Sauer resides in Shasta County.

DISCUSSION

    I. Samaan's Motion to Compel Sauer's Deposition

      Sauer objects to Samaan representing himself and conducting the questioning at Sauer's deposition, and also objects to another deposition of Sauer when he was already fully deposed.  The first objection is rendered unnecessary by the court's ruling of June 17, 2008, wherein Samaan was ordered to cease representing himself for the discovery phase of the case.

      In regard to the second objection, Samaan claims that he was not permitted to depose Sauer on the issues surrounding the complaint, but that the entire focus of the deposition was on the counterclaim.  At that deposition, which occurred on December 18, 2007, all of Samaan's questioning was conducted by his attorney on the counterclaim, Mr. Thomas.  Mr. Fields, Mr. Samaan's attorney on the complaint, was not present.  When Samaan tried to ask questions of Sauer, he was stopped by Sauer's counsel.  Samaan's Ex., filed May 22, 2008

---

[1] Mr. Bragg indicated that although he is counsel only on the counter-claim, he was specially appearing on behalf of Mr. Fields, counsel on the original claim.

(docket #79). Sauer's counsel put her objection on the record:

> My objection is that Mr. Samaan is represented by counsel. As such counsel has already diligently gone through both the plaintiff and defense side of this case on his behalf, we're not going to allow tag-teaming, number one. I'm also not going to allow a party to assert himself and ask questions when he is represented by counsel.
>
> That being said, if the parties wish to take a break, pose further questions through counsel of record, that's fine. But we are not going to sit here all day when I have already stated that my client is not going to answer any questions posed by Mr. Samaan.

Samaan's Ex., Sauer Depo. at 86.

At this deposition, Mr. Thomas, the attorney for Samaan on the counter-claim only, stated for the record that he was not representing Samaan on the main complaint. He did state that there was overlap in the claims made in the complaint and the counterclaim; however, he stated that he was not prepared to ask questions on behalf of Samaan as a plaintiff. Id. at 88. Mr. Samaan stated that although there was overlap, there were many questions that he needed to ask the deponent regarding the complaint that did not overlap with the counterclaim. Id. at 87. Sauer's counsel then stated that her client would answer questions posed by Mr. Fields, the attorney on the complaint, but that he was not present. Id. at 88.

Mr. Samaan could have asked for a break as these events took place right before lunch time, and prepared Mr. Thomas with questions to complete the deposition on the complaint. He also could have made sure Mr. Fields was present to do the questioning on the complaint. Another option would have been to seek a continuance to a future date when Mr. Fields could be present. Because Samaan had the opportunity to question Sauer through his counsel, his motion is denied.

II. <u>Sauer's Motion to Compel Further Discovery Responses</u>

Sauer brings this motion to compel further discovery responses, originally served on February 13, 2008, claiming the original responses were inadequate, conclusory, non-responsive, and lacking in specificity. Newman Decl., Exs. A, C. Despite the court's efforts to

originally hear this motion on June 12, 2008, order the parties to meet and confer to narrow the disputes, and continue the hearing to June 19, 2008, it appears that no disputes were narrowed as a result. In fact, the parties re-filed the same exact joint statement which they had filed prior to the court's order. Compare Joint Statement, filed June 5, 2008, with Joint Statement, filed June 18, 2008. This duplicate was filed despite the court's order of June 17, 2008, requiring meet and confer and the filing of a new joint statement. To add insult to injury, the parties had the chutzpah to grant themselves a unilateral stipulation giving themselves extra time to file this joint statement, which turned out to be an exact duplicate of their previous joint statement. No party made the effort to file a declaration explaining why they filed a duplicate, or outlining their efforts to meet and confer. The court's previous order stated, "[t]he parties will be given one more opportunity to have their attorneys meet and confer regarding the discovery at issue here, and defendant's motion will be continued to next week. If the court finds a lack of substantial justification at the next hearing, sanctions will be imposed." Order, filed June 17, 2008, at 4. Therefore, sanctions will be imposed. Nevertheless, each discovery dispute will be addressed in turn in order to determine where, above and beyond the dilatory conduct just described, the sanctionable conduct lies.

        A. <u>Written Discovery</u>

<u>Interrogatory No. 1</u> - State all facts known to Samaan wherein Sauer made oral statements using the word, "nigger" in reference to plaintiff.

        Samaan's initial response that Sauer made statements "possibly, to or with Steve Suhar, Kathy Stevens," was too vague. Plaintiff's supplemental response states that he does not have dates, but does provide his recollection of the statements made and to whom they were made. This supplemental response is limited but satisfactory. Nevertheless, Samaan should be limited to this response, and should not be permitted to introduce evidence outside of what he has presented in his responses, unless and until the district judge further orders.

<u>Interrogatory No. 2</u> - State type and location of any and all documents reflecting or supporting

4

your contention.

Samaan responded by referring to emails from Sauer to Shannon Wilde (Sauer's ex-wife), family matter declarations and Sauer's deposition. Samaan's supplemental response states they are located in his document production and clearly labeled "Declaration of Kurt Sauer." Samaan has satisfactorily responded to the interrogatory because it did not call for identification of the documents, only the type.

Request for Production No. 1 - Produce documents listed in response to interrogatory number 2.

Samaan's supplemental response listed documents Bate stamped 118 - 136. This identification is sufficient.

Interrogatory No. 3 - State names, addresses and phone numbers of all witnesses supporting response to interrogatory number 1.

Samaan's supplemental response gives addresses, in part, but not phone numbers of some witnesses. Samaan states he does not know the phone number or address of Steve Suhar. He does not state that he does not have the phone numbers of Shannon Wilde and Kathy Steves, who are apparently roommates, but gives only their address. His response, if true, is satisfactory as Samaan does not have to investigate on behalf of Sauer.

Interrogatory No. 4 - If Samaan contends that Sauer made phone calls or sent emails containing threats about plaintiff, "state all facts known to you, or based upon information and belief, upon which you base your contention."

Samaan's response refers to only one threatening email, dated April 3, 2007, but his supplemental response refers to alleged statements made by Sauer to unnamed individuals. He states he does not have further details. Samaan cannot provide information he does not have. Again, however, Samaan should not be permitted to have a Pentecostal-type resurgence of memory at trial replete with details he cannot provide presently.

Interrogatory No. 5 - The type and location of all documents supporting plaintiff's contention referenced in interrogatory number 4.

1     Samaan provided a response, referring to various documents and their location.
2 Sauer objects to Samaan's failure to specify the documents; however, the interrogatory is limited
3 to requesting the type and location of documents.  Therefore, Samaan has sufficiently responded.
4 <u>Request for Production No. 2</u> - All documents listed in response to interrogatory number 5.
5     Samaan refers to documents Bate stamped 1-220, but is not more specific, and
6 does not provide the declarations and many of the other documents referenced in response to
7 interrogatory number 5.  Samaan should be limited at trial to the documents he produced and will
8 not be able to produce other evidence responsive to this request unless the district judge permits
9 it.
10 <u>Interrogatory No. 6</u> - Names, addresses, and phone numbers of all witnesses supporting
11 contentions in interrogatory number 4.
12     Samaan has provided addresses only, but no phone numbers.  He concedes that he
13 previously provided the phone numbers.  Samaan will be sanctioned for this incomplete
14 response.
15 <u>Interrogatory No. 7</u> - State all facts supporting the contention that Sauer made threats against
16 plaintiff to Creighton Darling, including the statement, "I'd love to kick that nigger's ass."
17     Samaan responded that Sauer made this statement in front of other people,
18 including Sean Ditty, while at Mr. Darling's house.  Sauer complains that Samaan does not
19 specify what other threats were made.  Samaan's response is very cursory, however.  The court
20 will presume that these facts given by Samaan are the only ones known to him, and he should be
21 limited to this response unless the district judge determines to allow him to introduce other
22 evidence.
23 <u>Interrogatory No. 8</u> - Type and location of all documents supporting the contention in
24 interrogatory number 7.
25     Samaan responded that he provided all documents in his possession, and
26 described the "type" clearly.  He has sufficiently referenced the type of documents.  The

1  interrogatory did not require him to identify the documents. Sauer's insistence to the contrary
2  flies in the face of his words, and warrants sanctions as this insistence repeated for other requests
3  (see below) is palpably non-meritorious.
4  Request for Production No. 3 - All documents listed in response to interrogatory number 8.
5      Samaan refers to produced documents Bate stamped 1-220. Sauer complains that
6  Samaan has not produced the documents from the Ty Wilson investigation, has only produced
7  one email between Sauer and Shannon Wilde, and produced only two declarations from the
8  family law matter. It is unclear if there are other documents. Samaan should be bound to only
9  those documents produced to Sauer and should not be able to introduce other evidence unless it
10 was not in his possession at the time he answered these interrogatories.
11 Interrogatory No. 9 - Names, addresses, phone numbers of all witnesses supporting the
12 contention referenced in interrogatory number 7.
13     Once again Samaan has only provided one address and no phone numbers for the
14 four named witnesses; however, Samaan contends that defendant requests information for two
15 clients of defendant's counsel, and one witness who was served by defendants' counsel and
16 whose deposition is soon, so defendant should already have this information.
17     This is precisely the reason why the undersigned ordered a meet and confer.
18 Although Samaan should simply have repeated the information he formerly gave to Sauer,
19 counsel for Sauer should have dropped this request for production from the motion if he indeed
20 already had the information he desired. Both Samaan and Sauer will be sanctioned.
21 Interrogatory No. 10 - State all facts upon which Samaan bases the contention that Sauer's
22 actions intended to coerce, intimidate and/or harass Samaan so that he would be prevented from
23 visiting the Redding area.
24     Samaan provided a response; however, Sauer objects to the lack of dates
25 supporting the claimed incidents, and that some conclusions are made without facts to support
26 them. Samaan states that he does not remember all the dates of these incidents. The "state all

facts" type interrogatory regarding a general contention, without specification of the type of facts which the interrogatory seeks to elicit, is unenforceably ill-defined. Sauer complains about the dates, but who was to know that dates were required as part of the "all facts." Was the color of clothing worn by the persons associated with a pertinent incident part of the "all facts" as well? How about the time of day – the weather – the type of vehicles owned by the participants? Simply relating that "all facts" are required about a general contention is a lazy way of propounding an interrogatory which inevitably leads to a lazy response and then disputes. However, Samaan shall be held to his responses and not permitted to introduce further incidents beyond these given in his written responses or deposition.

<u>Interogatory No. 11</u> - Type and location of all documents reflecting your contention in regard to interrogatory number 10.

Samaan has specified the type of documents supporting his contention. Sauer wants him to identify the documents; however, the interrogatory only called for type of document, not identification of the document. Samaan has produced the documents. This response is satisfactory.

<u>Request for Production No. 4</u> - All documents listed in response to interrogatory number 11.

Samaan's response that these documents are found somewhere in the 220 pages he produced is not sufficient. He should have specified exactly which pages were responsive to this request. Sauer's assertion that the documents produced do not appear to be complete will be accepted as Samaan has not opposed this objection. Samaan shall specifically identify the documents within five court days, and will be sanctioned. Samaan will be limited to the documents produced in response to this request, unless the district court grants him a reprieve.

<u>Interrogatory No. 12</u> - All names, addresses and phone numbers of all witnesses supporting Samaan's contention in response to interrogatory number 10.

Samaan did not provide all phone numbers and addresses for the witnesses he named; he explained that he did not have all the information, but would provide it as discovery

1 moved along. The problem is that there is no time left for discovery to move along. But because
2 of the expiration of the discovery period, Samaan shall be limited to the witnesses specifically
3 identified in response to this interrogatory.
4 <u>Interrogatory No. 13</u> - All facts upon which you base your contention that Sauer's actions were
5 intentional and malicious.
6       Samaan's supplemental response is sufficient in referring to Sauer's deposition
7 testimony and statements to witnesses.
8 <u>Interrogatory No. 14</u> - Type and location of documents reflecting contention referenced in
9 interrogatory number 13.
10       Samaan satisfactorily responded to the interrogatory which only asked for the type
11 of document, not the identification of it.
12 <u>Request for Production No. 5</u> - All documents listed in response to interrogatory number 14.
13       Samaan's response that they are located in Bate stamped pages 1 through 220 is
14 not specific enough. Sauer's additional assertion that the documents produced do not appear to
15 be complete will be accepted as Samaan has not opposed this objection. Samaan shall
16 specifically identify the pertinent documents within five court days and will be limited to the
17 documents produced in response to this request, unless the district court grants him a reprieve.
18 <u>Interrogatory No. 15</u> - Names, addresses and phone numbers of all witnesses supporting the
19 contention in interrogatory number 13.
20       Samaan states that he has provided all the information he had available and would
21 provide further information during discovery. Therefore, his response which does not provide
22 addresses or phone numbers is satisfactory, but Samaan shall be limited to his responses.
23 <u>Interrogatory No. 16</u> - All facts known to Samaan which support his contention that he suffers
24 irreparable loss and injury from humiliation and/or embarrassment.
25       Samaan's response that he has lost financial opportunities by not being able to
26 practice law in Redding, as well as having to seek counseling, is sufficient. Sauer wants further

response to information that was not requested by the interrogatory, such as the amount of financial loss and why Sauer's actions caused loss and injury. Samaan's response is satisfactory. Again, the problem in drafting of the discovery request (desiring more than the words would indicate) should have been apparent to Sauer and was an issue which should have been resolved in Samaan's favor at a meet and confer.

<u>Interrogatory No. 17</u> - Type and location of documents reflecting the contention referenced in interrogatory number 16.

Samaan has provided the type of documents, and will not be required to identify the documents as the interrogatory did not call for identification of the documents.

<u>Request for Production No. 6</u> - All documents referenced in response to interrogatory number 17.

Samaan continues to reference the same documents throughout these requests, those Bate stamped 1-220. This response is not specific enough. Sauer's assertion that the documents produced do not appear to be complete will be accepted as Samaan has not opposed this objection. Samaan shall specifically identify the pertinent documents within five court days and will be limited to the documents produced in response to this request, unless the district judge grants him a reprieve.

<u>Interrogatory No. 18</u> - Names, addresses, and phone numbers supporting the contention referenced in interrogatory number 16.

Samaan has satisfactorily responded with the information known to him, but because of the expiration of the discovery period, Samaan shall be limited to the witnesses specifically identified in response to this interrogatory.

<u>Interrogatory No. 19</u> - All facts supporting Samaan's contention that he suffered irreparable loss and injury from physical and/or mental pain and suffering.

Samaan's response that he has lost financial opportunities by not being able to practice law in Redding, as well as having to seek counseling, is sufficient, despite being duplicative of his response to interrogatory number 16. Sauer wants further response to

information that was not requested by the interrogatory, such as the amount of financial loss and why Sauer's actions caused loss and injury. Samaan's response is satisfactory.

Interrogatory No. 20 - Type and location of documents reflecting the contention referenced in interrogatory number 16.

Samaan has provided the type of documents, and will not be required to identify the documents as the interrogatory did not call for identification of the documents.

Request for Production No. 7 - All documents referenced in response to interrogatory number 20.

Samaan continues to reference the same documents throughout these requests, those Bate stamped 1-220. This response is not specific enough. Sauer's assertion that the documents produced do not appear to be complete will be accepted as Samaan has not opposed this objection. Samaan shall specifically identify the pertinent documents within five court days and will be limited to the documents produced in response to this request, unless the district judge grants him a reprieve.

Interrogatory No. 21 - Names, addresses, and phone numbers supporting the contention referenced in interrogatory number 19.

Samaan has satisfactorily responded with the information known to him, but because of the expiration of the discovery period, Samaan shall be limited to the witnesses specifically identified in response to this interrogatory.

Interrogatory Nos. 22-25 - Information regarding any investigators hired in the last ten years to observe Sauer's actions.

Samaan's response was an unequivocal "no;" however, Sauer disputes this response as evasive because he is aware of an email produced by Samaan indicating that he did hire an investigator to follow a juvenile probation officer in Redding. This is a dispute which will need to be resolved at trial. Sauer can use the information produced to impeach Samaan, but Samaan will not be permitted to introduce any evidence obtained as a result of any investigation conducted by a private investigator to observe Sauer in accordance with his response.

11

B.  Sanctions

The court finds plenty of fault on both sides. First and foremost, the court continued the hearing on this matter for one week when it appeared that the parties had not met and conferred to narrow the disputes. The parties were directed to meet and confer and file a new joint statement that would reflect a narrowing of disputes. Not only did the parties not file a new joint statement, they filed a duplicate of the original joint statement after giving themselves a unilateral extension of time on the pretense that they needed more time to meet and confer. Whatever meet and confer took place, there is no evidence of it as reflected by the filing of a photocopied joint statement. This statement did not even bother to update the court with a declaration concerning the recent meet and confer efforts, and in fact contained the same language regarding the meet and confer process that was contained in the original joint statement, despite the fact that it was out of date. See Jt. Statement at 1-2, 5, 39-41. It is clear that the parties trifled with the court after the court gave the parties an extra opportunity to rectify the blatantly improper omnibus discovery motion, and they did not engage in the meet and confer in good faith.

Second, although Samaan's responses were at times incomplete and evasive, he cannot be faulted for poorly worded interrogatories authored by Sauer's counsel. Each interrogatory requesting a type and location of documents was faulty if Sauer expected a response which identified the documents. Samaan correctly responded with the type of document, and was not required to specifically identify them.

Turning to the responses themselves, many of them, aside from responses to the aforementioned faulty interrogatories, are evasive and incomplete. Samaan has not provided the location to many of the documents identified, and if he has pointed to the documents produced and Bate stamped 1-220, his response is not specific enough for Sauer to locate the responsive document easily within the 220 documents referenced. Fed. R. Civ. P. 34(b)(2)(E) requires that documents be produced in an organized fashion, labeled to correspond to the categories in the

1  discovery request, and in a reasonably usable form.  In regard to interrogatory responses, if a
2  party can not identify which specific documents contain the answer to the interrogatories, he
3  must completely answer the interrogatories without referring to the documents.  <u>Cambridge</u>
4  <u>Electronics Corp. v. MGA Electronics, Inc.</u>, 227 F.R.D. 313, 323 (C.D. Cal. 2004).  Furthermore,
5  when asked for addresses and phone numbers, Samaan did not supply them until his
6  supplemental response, and even then did not provide complete information.
7           Finally, Samaan's supplemental responses contain much argumentative and
8  unprofessional language.  For example, his supplemental response to interrogatory number 3
9  requesting names, addresses and phone numbers of all witnesses supporting his contention that
10 Sauer made statements using the word "nigger" in reference to plaintiff, states in part:

> Aiden Sauer is Kurt Sauer's son.  I am not sure of any paternity tests, but Mr. Sauer's [sic] admits in his deposition that Aidan Sauer is Kurt Sauer's son.  However, given Mr. Sauer's 'romantic' interludes no one can really be certain.  I think Mr. Sauer has other children.  I am not sure how many women Kurt Sauer has and I am certain he does not know either.  I can say with certainty that he enjoys frequenting the local bars in Redding as well as going to the local hotels with women.

16 Jt. Stmt. at 10.
17           In response to request for interrogatory number two, Samaan made the gratuitous
18 suggestion that Sauer's deposition is "replete with perjury and fraud," and Sauer's lack of recall
19 is consistent with drug use.  <u>Id.</u> at 8.  Such responses are argumentative and unprofessional.
20           It makes no sense to sanction each party under Rule 37, as the sanctions would
21 wash out.  Moreover, the recipient of the problematic discovery motion, the undersigned, is the
22 person who has been prejudiced by the lack of compliance with the court order and lack of good
23 sense.  Therefore, under the court's inherent power, each party's counsel of record on this motion
24 is ordered to remit to the Clerk of this court $500.00.
25 \\\\\
26 \\\\\

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff and counter-defendant Samaan's motion to compel deposition of Sauer, filed May 22, 2008, is denied.

2. Defendant and Counter-claimant Sauer's motion to compel further responses to special interrogatories and request for production of documents, and for monetary sanctions, filed May 16, 2008, is denied.

3. Samaan is bound by his responses to the discovery addressed herein, unless he obtains a reprieve from the District Court.

4. Plaintiff shall specifically identify the responsive documents for Request for Production 4, 5, 6, and 7 within five court days;

5. Each party's counsel of record on this motion is ordered to remit to the Clerk of this court $500.00.

DATED: 07/16/08                              /s/ Gregory G. Hollows

                                             GREGORY G. HOLLOWS
                                             U. S. MAGISTRATE JUDGE

GGH/076
Samaan0960.dsy2.wpd