IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NABIL SAMAAN,

    Plaintiff,

  v.

KURT SAUER and DOES 1-10,

    Defendants.
_____/

Case No. 2:07-CV-00960 JAM GGH

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM

    Plaintiff Nabil Samaan ("Samaan") brought an action against defendant Kurt Sauer ("Sauer") alleging discrimination on the basis of race in violation of various federal and state laws. Sauer filed a counterclaim alleging defamation. Samaan now moves for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure on Sauer's counterclaim. Sauer opposes

the motion.  For the reasons set forth below, Samaan's motion is DENIED.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Samaan is an attorney of Egyptian descent with a home and business in Sacramento.  Sauer is a juvenile probation officer for Shasta County.  He currently resides in Redding.  In or around March 2006, Samaan became romantically involved with Sauer's ex-wife, Shannon Wilde ("Wilde").  On or about March 7, 2007, Samaan alleges that Sauer made or received phone calls wherein he used the word "nigger" in reference to Samaan.  According to Samaan, Sauer allegedly stated that he did not want the "nigger" (Samaan) around his ex-wife, and that his ex-wife "got herself a nigger."  From March 8 to April 3, 2007, Sauer allegedly called or e-mailed threats about Samaan.  On April 19, 2007, Sauer allegedly made threats against Samaan in the presence of a fellow probation officer, including commenting that he would "like to kick that nigger's ass."

On May 22, 2007, Samaan filed the instant action against Sauer alleging discrimination on the basis of race in violation of various federal and state laws.  Specifically, Samaan's complaint alleges two federal claims, including violations of 18

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

2

U.S.C. §§ 241, 245 and 42 U.S.C. § 1981.  The complaint also alleges two state law claims, including violations of the Unruh Civil Rights Act, Cal. Civ.Code § 51, the Ralph Act, Cal. Civ.Code § 51.7, and the Bane Act, Cal. Civ.Code § 52.1.

On July 21, 2007, Samaan sent an e-mail to Brian Richart ("Richart"), Sauer's supervisor at the Shasta County Probation Department, and to Don Yost ("Yost"), the Vice President of Shasta County Citizens Against Racism ("SCCAR").  In these e-mails, Samaan identified himself as an attorney of Egyptian descent from Sacramento.  He claimed that he had "filed a Federal case against a Juvenile probation officer in Redding" predicated on racist comments made by this individual.  Samaan further claimed that he had hired a private investigator that allegedly followed this probation officer for several days documenting his use of the "N" word.[2]  The e-mail also stated that another probation officer was present at the time some of the racist comments were made.  The e-mails, however, did not specifically identify the probation officer by name.  At the time the e-mails were sent, Samaan had only commenced one

---

[2] Specifically, the e-mail states, "Not only do I have an e-mail that confirms [the probation officer's] racist comments, but I also have a declaration under oath by this person that states, he has no idea that calling someone a 'greasy foreigner' is bad.  In addition, I hired a p.i. to follow this person for several days that has documented his use of the 'N' word."

federal lawsuit against a Shasta County juvenile probation officer.

Following his receipt of the e-mail, Richart discussed the matter with the Assistant Chief Probation Officer, Sherri Leitem ("Leitem"). Yost, for his part, contacted Tom O'Mara, in public relations at SCCAR, and Francine Brady, President of SCCAR, to relay the information in the message. On July 23, 2007, Leitem initiated an e-mail exchange with Samaan in response to his complaint. In this exchange, Samaan claimed that he would be forwarding additional information to the Shasta County Probation Department, including, a copy of the federal complaint, a declaration by the juvenile probation officer filed in another matter wherein he used the word "greasy foreigner," and the names of the two juvenile probation officers referenced in his July 21, 2007 e-mail. Samaan claimed that this information would provide "a basis to initiate an inquiry into the matter." Although she was unable to recall whether she received any materials from Samaan, Leitem obtained a copy of the underlying complaint.

On August 2, 2007, Leitem assigned Tyler Wilson ("Wilson") to conduct an internal affairs investigation into Samaan's complaint. When the assignment was made, Leitem informed Wilson that the complaint was made against Sauer. On December 4, 2007, the internal affairs investigation issued a report concluding

that Sauer did not use the word "nigger" in reference to Samaan, nor did he make any similar statements or threaten him in any way.  The report stated that both Creighton Darling (the other probation officer referenced by Samaan in his e-mails) and Sauer denied ever being a part of a conversation where Sauer made threats or racially derogatory comments about Samaan.  The investigation further concluded that Sauer used the term "greasy foreigner" in reference to Samaan during a conversation with his ex-wife Wilde.  The investigation also concluded that there was no evidence that Sauer made comments or took action intended to coerce, intimidate or harass Samaan for the purpose of preventing him from moving to or visiting Redding.  Finally, the investigation concluded that while Samaan had requested in his federal complaint that Sauer's probation files be reviewed to ensure he had not harmed those under his control, there was no basis for doing so given that there was no evidence supporting Samaan's allegations.[3]

On August 7, 2007, Sauer filed a counterclaim against Samaan alleging that he made false and defamatory statements

---

[3] The evidence before the Court indicates that Samaan refused to cooperate with the internal affairs investigation insofar as he refused to be interviewed, submit a Citizen Complaint form, or turn over various documents related to his complaint against Sauer.

about Sauer to the "Anti-Racial League of the City of Redding"[4] and the County of Shasta.  Specifically, Sauer alleges that Samaan sent correspondence to his employer falsely accusing him of being a racist and discriminatory to minorities.  Sauer contends that this correspondence is libelous on its face because it exposed him to hatred, contempt, ridicule and obloquy as well as casting doubt on his impartiality as a juvenile probation officer by attributing to him negative characteristics and traits which are generally looked down upon by society.  On July 1, 2008, Samaan filed a motion for summary judgment.  On July 18, 2008, Sauer filed an opposition.

## II. OPINION

A.  <u>Legal Standard</u>

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). An issue of fact is "genuine" if it constitutes evidence with

---

[4] The Court notes that Samaan did not have any communications with the "Anti-Racial League of the City of Redding."  Rather, the evidence in the record reveals that he communicated with the Shasta County Probation Office and SCCAR.

6

which "a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the moving party meets its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  See Celotex, 477 U.S. at 324 (quotation marks omitted) (citing Fed.R.Civ.P. 56(e)).  "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment."  Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion."  Id.  Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

B.   Counterclaim: Defamation

   Samaan argues that summary judgment is appropriate with respect to Sauer's libel claim because his e-mails were not

7

defamatory insofar as they did not refer to Sauer by name. Additionally, Samaan argues that summary judgment is appropriate with respect to Sauer's slander claim because there is no evidence that he orally communicated a charge of racial discrimination against Sauer to a third person. The Court disagrees.

Defamation is an invasion of the interest in reputation; the injury may occur by means of libel or slander. Shively v. Bozanich, 31 Cal.4th 1230, 1242 (2003) (citing Cal. Civ.Code § 44). Generally, libel is a written communication that is false, not protected by privilege, and exposes a person to ridicule or other reputational injury. Cal. Civ.Code § 45. A statement is libelous per se if it defames a party on its face, that is, without the need of extrinsic evidence to explain the statement's defamatory nature. Cal. Civ.Code § 45a; see also Downing v. Abercrombie & Fitch, 265 F.3d 994, 1010 (9th Cir, 2001) ("A publication is libelous on its face only if there is no need to have explanatory matter introduced"). The charge of racial discrimination constitutes libel per se. See 5 Witkin, Summary of Cal. Law (10th Ed. 2005) Torts, § 543 at 796 (charges of racial prejudice constitute libel per se). A false and unprivileged oral communication attributing to a person specific misdeeds or certain unfavorable characteristics or qualities, or uttering certain other derogatory statements regarding a person,

constitutes slander.  Cal. Civ.Code § 46.  Statements that implicate a person's "office, profession, trade or business" may be slanderous.  <u>Id.</u>  Both libel and slander require that the defamatory statements be communicated to the third person who understands the defamatory meaning of the statement and its application to the person to whom the reference is made.  <u>Smith v. Maldonado</u>, 72 Cal.App.4th 637, 645 (1999).  The statements need not be communicated to the "public" at large; communication to a single individual is sufficient.  <u>Id.</u>

In the present case, because Samaan's e-mails claim that an unnamed Redding juvenile probation officer made racist comments, the e-mails constitute libel <u>per se</u>; Samaan does not contend otherwise.  Nor does Samaan contend that the e-mails were not communicated to a third person.  Rather, Samaan contends that the e-mails are not libelous because they do not specifically refer to Sauer by name.  According to Samaan, absent certainty as to whom the e-mails referred to, it cannot be said that they were libelous as a matter of law, especially since the Shasta County Probation Office contains ten to twelve juvenile probation officers.  In defamation actions the First Amendment requires that the statement on which the claim is based must specifically refer to, or be "of and concerning," the plaintiff in some way.  <u>Blatty v. New York Times Co.</u>, 42 Cal.3d 1033, 1042 (1986) (one cannot constitutionally establish liability unless

9

one proves that the contested statements are "of and concerning" the individual, either by name, i.e. refer personally to the individual, or by "clear implication"); Ferlauto v. Hamsher, 74 Cal.App.4th 1394, 1404 (1999).  "Under California law, '[t]here is no requirement that the person defamed be mentioned by name . . . It is sufficient if from the evidence the jury can infer that the defamatory statement applies to the plaintiff . . . [or] if the publication points to the plaintiff by description or circumstances tending to identify him.' "  Church of Scientology of California v. Flynn, 744 F.2d 694, 697 (9th Cir. 1984).  Contrary to Samaan's contention, the fact that Sauer was not mentioned by name in the e-mails is not sufficient to defeat Sauer's defamation claim.  While it is unclear from the evidence in the record how Sauer came to be known as the target of Samaan's complaint, it is undisputed that an internal affairs investigation was commenced into Sauer shortly after Samaan's complaint was received.  As such, a reasonable trier of fact could infer that the e-mails provided sufficient information for officials at the Shasta County Probation Department to readily ascertain the identity of Sauer.  This is particularly so given that one of the e-mails claimed Samaan had "filed a Federal case against a Juvenile probation officer in Redding," and that Samaan had only commenced one federal lawsuit against a Shasta County juvenile probation officer.  Because the Court at this

stage must view the evidence in the light most favorable to Sauer as the nonmoving party, the Court finds that there is a genuine issue of material fact on the question of whether the e-mails were "of and concerning" Sauer, that is, whether the e-mails provided sufficient information to permit Shasta County Probation Department officials to readily identify Sauer as the target of Samaan's complaint.  Accordingly, Samaan is not entitled to summary judgment on Sauer's libel claim.

As to Samaan's contention that summary judgment is appropriate with respect to Sauer's slander claim because there is no evidence that he orally communicated a charge of racial discrimination against Sauer to a third person, the Court disagrees.  In general, each time a defamatory statement is communicated to a third person who understands its defamatory meaning as applied to the plaintiff, the statement is said to have been "published," although a written dissemination, as suggested by the common meaning of that term, is not required.  Shively, 31 Cal.4th at 1242.  Each publication ordinarily gives rise to a new cause of action for defamation.  Id.  The rule that each publication of a defamatory statement gives rise to a new cause of action for defamation applies when the original defamer repeats or recirculates his or her original remarks to a new audience.  Id. at 1243.  That rule also applies when a person who heard, read, or saw the original defamatory remark

11

repeats the remark to others (subject to qualifications not relevant here).  Id. (citing cases).  In general, the repetition by a new party of another person's earlier defamatory remark also gives rise to a separate cause of action for defamation against the *original defamer*, when the repetition was reasonably foreseeable.  Id. (emphasis in original).  It is the foreseeable subsequent *repetition* of the remark that constitutes publication and an actionable wrong in this situation, even though it is the original author of the remark who is being held accountable.  Id. (emphasis in original).

In the present case, Sauer maintains that a genuine issue of fact exists on the question of whether Samaan orally communicated defamatory remarks to a third person.  The Court agrees.  As Sauer correctly points out, Samaan's Responses to Interrogatories indicate that he had conversations about Sauer's racist beliefs with "the probation department, friends, lawyers, judges and family."  Specifically, in his Responses to Interrogatories, Samaan stated that "[i]t has been embarrassing exposing how Kurt Sauer feels he is superior to others that are not the same color or ethnicity as he is.  It is a horrible discussion to have with people like the probation department, friends, lawyers, Judges and Family."  Samaan further stated that "[t]he whole subject of Kurt Sauer continually using the 'Nigger' word in an attempt to show his superiority is

embarrassing.  The fact that he is even someone that is in charge of children is a tragedy."  Viewing the evidence in the light most favorable to Sauer as the nonmoving party, the Court finds that a genuine issue of material fact exists on the question of whether Samaan is liable for orally repeating his original defamatory remarks.  Moreover, because the record reveals that Sauer's supervisor, Richart, orally discussed the content of Samaan's July 21, 2007 e-mail with Leitem, a reasonable fact finder could conclude that Samaan is liable for the repetition of his earlier defamatory remarks.  A reasonable fact finder could also find that the repetition of Samaan's remarks was reasonably foreseeable.  Accordingly, Samaan is not entitled to summary judgment on Sauer's slander claim.

### III. ORDER

For the reasons set forth above, Samaan's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:  September 10, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE