IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NABIL SAMAAN,                                  No. 2:07-CV-00960 JAM GGH

      Plaintiff,                           ORDER DISMISSING COUNTERCLAIM
                                                    WITHOUT PREJUDICE

    v.

KURT SAUER and DOES 1-10,

      Defendants.
_____/

    Plaintiff Nabil Samaan ("Samaan") brought an action against defendant Kurt Sauer ("Sauer") alleging discrimination on the basis of race in violation of various federal and state laws. Sauer filed a counterclaim alleging defamation.  Sauer moved for summary judgment or, in the alternative, summary adjudication, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment was granted in favor of Sauer on Samaan's federal claims.  In ruling on this motion, however, this Court did not consider the propriety of Samaan's remaining state law claims.  Instead, the Court declined to exercise supplemental

jurisdiction over these claims; dismissing them without prejudice so that they could be re-filed in state court. Having dismissed Samaan's state law claims this Court must now decide whether it should exercise supplemental jurisdiction over Sauer's remaining state law defamation counterclaim. The Court declines to do so.

The Ninth Circuit uses a two-part analysis to determine whether it is appropriate for a court to exercise its discretion to decline supplemental jurisdiction. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (en banc). First, a court must look to whether the case falls under one of the four enumerated circumstances under 28 U.S.C. 1367(c). Id. at 1001. Second, the court must consider whether the values of economy, convenience, fairness, and comity are served by retention of supplemental jurisdiction. Id. " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.' " Id. (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1998)). Federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." Mt. Healthy City

School District Board of Education v. Doyle, 429 U.S. 274, 278 (1977).

Because this Court has dismissed all the federal claims that served as a basis for jurisdiction, the Court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over Sauer's state law defamation counterclaim.  This Court declines to retain jurisdiction over Sauer's counterclaim in the absence of any claims over which this Court has original jurisdiction.  The Court has considered the factors of judicial economy, convenience to the parties, fundamental fairness, and comity.  The Court finds that litigation of Samaan's state law claims and Sauer's counterclaim in a single forum will not only promote the interest of judicial economy, but will also be more convenient for the parties.  As to fairness, the Court finds that a state forum will provide just as fair a proceeding as a federal one.  Finally, as to comity, the Court finds that this factor weighs in favor of remand insofar as the counterclaim arises under state law.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (needless decisions of state law should be avoided as a matter of comity).  Accordingly, the Court dismisses Sauer's state law defamation counterclaim without prejudice.  See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) (dismissal of pendent state claims following dismissal of related federal claims must

be without prejudice), overruled on other grounds by <u>Acri</u>, 114
F.3d at 1000.

IT IS SO ORDERED.

Dated:  September 19, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4