IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL SAMAAN, | No. Civ. 2:07-CV-0960 JAM GGH |
| Plaintiff, | ORDER GRANTING DEFENDANT/COUNTER-CLAIMANT KURT SAUER'S MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SANCTIONS |
| v. | |
| KURT SAUER and DOES 1-10, | |
| Defendant. | |

This matter is before the Court on Defendant/Counter-Claimant Kurt Sauer's ("Sauer") motion for attorneys' fees and costs pursuant to this Court's Order, issued September 19, 2008, the Federal Rules of Civil Procedure 54(d), and the Eastern District of California Local Rule 54-293.  Sauer also brings this motion for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power to award sanctions.  For the reasons set for below[1], Defendant's motion is GRANTED.

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

1

On September 19, 2008, this Court found that an award of attorneys' fees and costs was warranted in this matter pursuant to 42 U.S.C. § 1988 on the basis that Samaan's suit was vexatious, frivolous, and brought to harass Sauer. Samaan argues that some of the fees incurred by Sauer in this action resulted solely from the litigation of Sauer's counterclaim and therefore, those fees should not be calculated as part of the award. The party seeking fees, in this case Sauer, bears the burden of documenting and substantiating fees, and those fees must be reasonable and necessary to the litigation. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Action on Smoking and Health v. Civil Aeronautics Board, 724 F.2d 211, 219 (9th Cir. 1984).

Here, Sauer has successfully demonstrated that the events cited by Samaan as solely related to the litigation of Sauer's counterclaim are, in fact, indivisibly related to Sauer's defense in this action. Because all fees were reasonably and necessarily incurred in the representation of Sauer in this litigation, Sauer is entitled to an award of the full amount of fees and costs requested. Accordingly, Sauer is awarded $158,482.50 in attorneys' fees and $8,038.13 in costs for a total award of $166,520.63.

Moreover, Samaan has offered no opposition to Sauer's request for the imposition of sanctions pursuant to 28 U.S.C. § 1927. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions imposed pursuant to § 1927 must be supported by a finding of subjective bad faith. In re Keegan Management Co. Securities Litigation, 78 F.3d 431, 436 (9th Cir. 1995). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for purposes of harassing an opponent." Id.

Here, as noted in this Court's Order at Docket # 143, Samaan unreasonably pursued these claims for the purpose of embarrassing and harassing Sauer and not for the redress of his civil rights. Doc. # 143. This is evidenced by Samaan's failure to cite to persuasive evidence or any legal authority in support of these claims. It is further evidenced by the fact that Samaan's brief in opposition to Sauer's summary judgment motion references sensitive information that is materially irrelevant and includes disparaging personal accusations against

3

Sauer. As a licensed attorney, Samaan certainly had no excuse for filing such obviously frivolous federal claims and should have known better. Accordingly, this Court finds Sauer is entitled to an award of all fees and costs requested as sanctions pursuant to 28 U.S.C. § 1927 and under the Court's inherent power to sanction Samaan's conduct.

For all the foregoing reasons, Sauer is awarded $166,520.63 in attorneys' fees and costs on the grounds that the fees were reasonably and fairly incurred to successfully represent Sauer in this matter. Further, the fees and costs are awarded to Sauer as sanctions for Samaan's vexatious multiplication of these proceedings, for his harassment of Sauer, and for his improper motivation for instituting this litigation against Sauer.

Sauer is granted leave to file a supplemental declaration to recover any attorneys' fees and costs incurred for the preparation of the instant motion not later than 10 days from the date of this Order. Sauer's request for attorneys' fees and costs associated with the collection of this award is denied.

IT IS SO ORDERED.

DATED: December 11, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4